UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| DAMON JOINER, | ) | CASE NO. 1:07 CV1726 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On June 12, 2007, pro se petitioner Damon Joiner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He names as respondents: the United States of America, Warden Robert M. Tapia at Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio and the United States Marshal. Mr. Joiner asserts that the indictment filed against him is unconstitutional pursuant to 21 U.S.C. §§ 903 and 927. For the reasons stated below, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

Mr. Joiner claims that the charge against him for violating "title 18 U.S.C. § 922(g)(1), . . . is also statutorily barred if similar state law exists to prosecute such conduct." (Pet.

at 4.) He adds that he "is also charged with a violation of title U.S.C. § 841(a)(1) and (b)(1)(A), which prosecution is statutorily barred if similar state law exists to prosecute such conduct. Petitioner was charged in the state of Ohio with USDL, HWWUD, and contraband which is similar to the federal charged [sic]." (Pet. at 4.) Although he does not identify to what indictment he is referring, Mr. Joiner is presently awaiting sentencing in this court after pleading guilty on August 8, 2007 to distribution and possession of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)&(B). See United States v. Joiner, No. 1:07-cr-0233 (N.D. Ohio filed Apr. 24, 2007)(Boyko, J.) Petitioner is scheduled to be sentenced before the court on November 7, 2007.

*Analysis*

Mr. Joiner's petition is rife with conclusory statements suggesting that because his "alleged criminal conduct did not occur in any federal property, nor in any property where the state of Ohio ceded jurisdiction to the federal government," his indictment was "constitutionally defective." (Pet. at 1.) Petitioner believes that the United States can only assert jurisdiction when it owns the property on which the acts occurred and the state has ceded "jurisdiction" of that property. He concludes that the prosecution never established this fact.

*28 U.S.C. § 2243*

In habeas proceeding, it is provided by statute that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto.</u>

28 U.S.C. § 2243 (emphasis added). Mr. Joiner has failed to demonstrate that he is entitled to habeas relief from this court.

*28 U.S.C. § 2241*

At the time Mr. Joiner filed this petition he was a federal pretrial detainee. To be eligible for habeas corpus relief under § 2241 as a federal pretrial detainee, he was required to first exhaust available remedies. See, e.g., Jones v. Perkins, 245 U.S. 390, 391-92(1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); Riggins v. United States, 199 U.S. 547, 550-51(1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"); Fassler v. United States, 858 F.2d 1016, 1018-19 (5th Cir.1988) (per curiam) (stating that defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir.1987) (same). There is no allegation or suggestion that petitioner exhausted his remedies.

Notwithstanding Mr. Joiner's failure to exhaust his available remedies, effective August 8, 2007, he pleaded guilty to the charges set forth in the indictment. It is unlikely, therefore, that petitioner is still challenging the indictment which set forth the charges to which he pled guilty. To the extent, however, he still believes he entitled to vacate or set aside his conviction this court cannot grant that relief. The writ of habeas corpus "'should not do service for an appeal,'" and " '[t]his rule must be strictly observed if orderly appellate procedure is to be maintained.'" United States v. Addonizio, 442 U.S. 178, 184 n. 10 (1979) (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 274 (1942)). Thus, although a detainee may challenge the probable cause for his confinement, his conviction will not be vacated on the ground that he was detained pending

trial without a determination of probable cause. Pugh v. Rainwater, 483 F.2d 778, 786-787(5th Cir. Aug. 15, 1973), cert. granted, Gerstein v. Pugh, 414 U.S. 1062 (1973).[1] Mr. Joiner still has the opportunity to raise his claim in a motion to vacate pursuant 28 U.S.C. § 2255, an action which this court will not construe as his current pleading.[2] Consequently, there is no basis in law for this court's subject matter jurisdiction over petitioner's claim pursuant to § 2241.[3]

---

[1]The Supreme Court's opinion affirmed that part of the judgment of the Fifth Circuit and of the trial court which held that the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention of a prisoner arrested upon information filed by the state prosecutor. It reversed that part of the opinion and judgment of the Fifth Circuit and of the trial court which required an adversary hearing with the right to counsel, confrontation, cross-examination, and compulsory process for witnesses. Gerstein v. Pugh, 420 U.S. 103 (1975). The Court remanded the case for further proceedings 'consistent with this opinion.' Id.;see Pugh v. Rainwater, 511 F.2d 528 (5th Cir. 1975).

[2]The Sixth Circuit held that, with regard to pro se litigants in particular, '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)). Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

[3]Thus far, only a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. See Lott v. Davis, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)(unpublished)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); see also Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence"). Mr. Joiner has not presented any claim of actual innocence.

For all the foregoing reasons, this matter is dismissed pursuant 28 U.S.C. § 2243. The court certifies that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.


    s/Sara Lioi
SARA LIOI
UNITED STATES DISTRICT JUDGE


Dated: September 10, 2007

---

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."